# Exhibit 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between GoLabs, Inc., a corporation organized under the laws of Texas ("GoLabs" or a "Party"), and DGL Group Ltd., a corporation organized under the laws of New York ("DGL" or a "Party", and together with GoLabs the "Parties");

WHEREAS, GoLabs owns U.S. Trademark Registration No. 3685723 to the mark HOVERBOARD (hereafter referred to as "Golabs' Mark");

WHEREAS, DGL has filed U.S. Trademark Application Serial No. 88833507 ("the '507 Application") to register the mark MY FIRST HOVERBOARD (hereafter referred to as "DGL's Mark");

WHEREAS, the Golabs' Mark been cited by the United States Patent and Trademark Office as a bar to registration of DGL's Mark in the '507 Application;

WHEREAS, DGL has filed for cancellation of Golabs' Mark before the U.S. Trademark Trial and Appeal Board under Cancellation Proceeding No. 92077388;

WHEREAS, the parties wish to settle this matter outside of the administrative procedures of the United States Patent and Trademark Office and the litigation procedures of the United States courts;

NOW THEREFORE, in consideration of mutual covenants set forth in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. GoLabs recognizes DGL's ownership of and right to use DGL's Mark in connection with the goods listed in U.S. Trademark Application Serial No. 88833507 (hereafter referred to as "DGL's Goods").

2. Nothing herein shall be interpreted as preventing or limiting use of DGL's Mark or the mark HOVERBOARD in connection with DGL's Goods or related goods.

3. DGL and GoLabs agree to execute the Consent Agreement, attached as Exhibit A hereto and incorporated by reference herein.

4. This Agreement is expressly contingent upon the withdrawal by the U.S. Patent and Trademark Office of the citation of the Golabs' Mark as a Section 2(d) refusal against the '507 Application. In the event the citation of the Golabs' Mark is not ultimately withdrawn by the U.S. Patent and Trademark Office as a Section 2(d) refusal of the '507 Application, this Agreement and the Consent Agreement attached as Exhibit A shall both be considered null and void.

5. Upon the full execution of the Consent Agreement attached as Exhibit A, and within thirty (30) days of the withdrawal by the U.S. Patent and Trademark Office of the citation of Golabs' Mark as a Section 2(d) refusal against the '507 Application, DGL shall file a Motion to Dismiss Cancellation with Consent before the TTAB, signed by DGL and GoLabs, requesting the dismissal with prejudice of Cancellation Proceeding No. 92077388.

6. GoLabs agrees not to oppose, contest, challenge the use of, oppose the registration or re-registration of, or seek cancellation of DGL's Mark, or to assist others in doing so. GoLabs further agrees not to oppose, contest, challenge the use of, oppose the registration or re-registration of, or seek cancellation

of any present or future DGL trademark that includes the term HOVERBOARD, or to assist others in doing so, and GoLabs further agrees, upon request by DGL, to provide written consent to the use and/or registration of any DGL trademark that includes the term HOVERBOARD.

7. For so long as GoLabs is in compliance with this Agreement, DGL agrees not to oppose, contest, challenge the use of, oppose the registration or re-registration of, or seek cancellation of the Golabs' Mark, or to assist others in doing so.

8. The parties agree that irreparable harm will result in the event of a breach of any provision herein. Should either party default in the performance of its obligations under the terms of this Agreement, and such default not be cured within sixty (60) days' notice of the breach, in addition to any other legal or equitable relief, damages, and remedies which may be available, the other party shall be entitled to seek injunctive relief to enforce the terms and conditions of this Agreement.

9. The failure of any party to enforce the terms and conditions of this Agreement, or the waiver by any party of a breach by the other party of any provision herein, shall not in any way limit or waive the right of that party thereafter to enforce the compliance by the other party with respect to any term or condition herein.

10. This Agreement comprises the entire understanding of the parties with respect to the subject matter hereof, and rescinds and replaces all prior negotiations, correspondence, proposals, offers, information, memoranda, and understandings between the parties, whether expressed, implied, written, oral, or otherwise.

11. The parties agree to execute any further agreements, consents or other documents which may be necessary to carry out the terms of this Agreement.

12. This Agreement shall be binding upon and inure to the benefit of the assigns, parent companies, divisions, affiliates, successors in interest and subsidiaries, direct or indirect, of both Parties.

13. This Settlement Agreement shall be governed by the laws of the State in which litigation is instituted as provided in paragraph 13 hereinafter without regard to conflicts of laws and principles.

14. The Parties agree that any litigation involving any claim (whether legal or equitable and whether sounding in contract, tort, or strict liability) which relates to or arises from the subject matter of this Settlement Agreement, if instituted by DGL, shall be brought exclusively in any appropriate state court located in, or in the federal court for Middlesex County, New Jersey; and if instituted by GoLabs, shall be shall be brought exclusively in any appropriate state court located in, or in the federal court for Los Angeles County, California.

15. If any provision of this Settlement Agreement is held to be unenforceable, such provision will be inoperative only to the extent necessary to comply with applicable law and will be severed from the remainder of this Settlement Agreement. The remaining provisions of this Settlement Agreement will remain in full force and effect.

16. This Settlement Agreement may be executed in one or more counterparts (including by means of signature pages transmitted via facsimile), any one of which need not contain the signatures of more than one Party. Each such signature will be deemed to be: (a) an original; and (b) valid, binding, and enforceable. All such counterparts taken together will constitute one and the same instrument.

17. Any notice or other communication given pursuant to this Settlement Agreement shall be in writing and shall be deemed to have been given on the earlier of (1) receipt or (2) five days after notice was sent to the receiving Party at the following addresses or to such other addresses as such Parties shall from time to time have specified in the manner indicated in this Section.

| | | | |
|---|---|---|---|
| To GoLabs: | GoLabs, Inc.<br>2201 Luna Road<br>Carrollton, TX 75006 | To DGL: | DGL Group, Ltd.<br>195 Raritan Center Parkway<br>Edison, NJ 08837 |
| Copy to: | Tommy SF Wang, Esq.<br>Wang IP Law Group, P.C.<br>18645 E. Gale Avenue<br>Suite 205<br>City of Industry, CA 91748<br>(626) 269-6753<br>twang@thewangiplaw.com | Copy to: | Harris A. Wolin, Esq.<br>Myers Wolin LLC<br>100 S. Jefferson Road<br>Suite 202<br>Whippany, NJ 07960<br>973-828-1284<br>harris.wolin@myerswolin.com |

18. This Settlement Agreement may not be amended except by a writing signed by the Parties hereto. There are no understandings, agreements or representations, express or implied, not otherwise specified herein.

WHEREFORE the Parties have caused this Agreement to be duly executed and become effective on the last date of execution indicated below

| GoLabs, Inc. | DGL Group Ltd. |
|---|---|
| [signature] | [signature] |
| Signature | Signature |
| Longman Zhao | Steven Koritzky |
| Print | Print |
| CFO | General Counsel |
| Title | Title |
| 11/15/2021 | 11/11/21 |
| Date | Date |

# EXHIBIT A

# CONSENT AGREEMENT

This Consent Agreement ("Agreement") is entered into by and between GoLabs, Inc., a corporation organized under the laws of Texas ("GoLabs" or a "Party"), and DGL Group Ltd., a corporation organized under the laws of New York ("DGL" or a "Party", and together with GoLabs the "Parties").

WHEREAS, GoLabs owns U.S. Trademark Application Registration No. 3685723 for the mark HOVERBOARD (hereafter referred to as "Golabs' Mark");

WHEREAS, DGL has filed U.S. Trademark Application Serial No. 88833507 ("the '507 Application") to register the mark MY FIRST HOVERBOARD (hereafter referred to as "DGL's Mark");

WHEREAS, the Golabs' Mark been cited by the United States Patent and Trademark Office as bar to registration of DGL's Mark;

NOW THEREFORE, in consideration of mutual covenants set forth in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. GoLabs consents to the registration of DGL's Mark, as set forth in the '507 Application, in connection with "two-wheeled, electric, portable devices, namely self-balancing scooters" ("DGL Goods") or any slightly modified description as may be required to complete registration of DGL's Mark, in International Class 12.

2. The Parties believe that the principal elements of their respective marks (HOVERBOARD on one hand, and MY FIRST HOVERBOARD on the other hand) create different commercial impressions based upon the variation in the word marks, the fonts and stylization by which each respective Party use their respective marks, and the interests of the Parties themselves.

3. The Parties agree that there is unlikely to be any consumer confusion between DGL's Mark and Golabs' Mark. There are differences between the marks , namely the DGL Mark consists of the additional terms MY FIRST with the term HOVERBOARD, while the GoLabs Mark consists of only the term HOVERBOARD.

4. The Parties agree that their respective consumers are knowledgeable and sophisticated enough to be able to distinguish between DGL's Mark and Golabs' Mark.

5. Each Party agrees not to represent that they are related to the other or that their goods stem from the same source or partake of any common qualities or attributes. Each Party agrees to identify itself as the source of their respective goods and/or services.

6. The Parties agree not to use any advertising, promotional, or marketing materials that could lead purchasers to believe that their goods and/or services are sponsored or endorsed by the other Party.

7. The Parties do not anticipate that any confusion or mistakes will arise from their simultaneous use of their respective marks. However, in the event that any confusion does arise, or appears likely, the Parties agree to communicate to each other all details of each instance of actual confusion or facts which suggest that confusion is likely, and to cooperate to take steps to abate the confusion,

and to prevent confusion from recurring.

8. The Parties agree that the forgoing substantiates their position that there is no likelihood of confusion between their respective marks.

9. This Agreement shall be binding upon and inure to the benefit of the assigns, parent companies, divisions, affiliates, successors in interest and subsidiaries, direct or indirect, of both Parties.

WHEREFORE the Parties have caused this Agreement to be duly executed and become effective on the last date of execution indicated below.

| **GOLABS, INC.** | **DGL GROUP LTD.** |
|---|---|
| Longman Zhao | |
| Signature | Signature |
| Longman Zhao | Steven Kuritzky |
| Print | Print |
| CFO | General Counsel |
| Title | Title |
| 11/15/2021 | 11/11/21 |
| Date | Date |